UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| NOLAN MCDANDAL, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-732-PPS-MGG |
| DR. LIAW, et al., | |
| Defendants. | |

OPINION AND ORDER

Nolan McDandal, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, McDandal alleges that, at the Indiana State Prison, he was diagnosed with carpal tunnel syndrome and a dry skin condition, and received pain medication, a wrist splint, and Minerin creme. He was also put on a waiting list for wrist surgery. On February 9, 2017, he transferred to Westville Correctional Facility and was placed under the care of Dr. Liaw. Upon his arrival, Dr. Liaw refused to give him more Minerin creme and advised McDandal to take shorter showers. Dr. Liaw later

explained that Minerin was no longer necessary due to the change in weather. In July 2018, Dr. Liaw again refused to provide Minerin creme and told him that he could purchase it from the commissary even though McDandal could not afford it. He also changed McDandal's pain medication and refused to recommend wrist surgery. When McDandal threatened to sue Dr. Liaw, he ended the examination. He also confiscated McDandal's pain medication, removed him from the chronic care clinic, and told him to buy over-the-counter medication even though McDandal could not afford it. McDandal seeks money damages and an order for appropriate medical treatment for carpal tunnel syndrome and dry skin.

McDandal asserts an Eighth Amendment claim of deliberate indifference against Dr. Liaw. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Because the

complaint suggests that Dr. Liaw deliberately disregarded McDandal's need for medical treatment for carpal tunnel syndrome and dry skin, McDandal may proceed on an Eighth Amendment claim against Dr. Liaw.

McDandal also asserts a claim against Grievance Specialist Harvil for denying and failing to investigate his grievance regarding Dr. Liaw. However, "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, the claim against Grievance Specialist Harvil is dismissed.

For these reasons, the court:

(1) GRANTS Nolan McDandal leave to proceed against Dr. Liaw for money damages on an Eighth Amendment claim of deliberate indifference for refusing to provide adequate medical treatment for carpal tunnel syndrome and dry skin;

(2) GRANTS Nolan McDandal, leave to proceed on a claim for injunctive relief against Dr. Liaw to obtain medical treatment for carpal tunnel syndrome and dry skin as required by the Eighth Amendment;

(3) DISMISSES Grievance Specialist Harvil;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Liaw at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Liaw to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which Nolan McDandal has been granted leave to proceed in this screening order.

ENTERED: November 30, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT