UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NOLAN MCDANDAL,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-732-PPS-MGG

DR LIAW,

    Defendant.

OPINION AND ORDER

Nolan McDandal, a prisoner without a lawyer, filed a motion for a preliminary injunction. ECF 15. He alleges that he is not receiving appropriate medical treatment for his Carpal Tunnel Syndrome or proper medication for his dry skin. He was granted leave to proceed against Dr. Liaw on both claims. ECF 10. Dr. Liaw has not yet appeared as a defendant in this case. Nevertheless, since McDandal has not made a threshold showing that he is reasonably likely to succeed on the merits, this motion can be denied without a response from Dr. Liaw.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm

the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

To start, I consider whether McDandal has shown a reasonable likelihood of success on the merits. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Nothing in the motion for preliminary injunction convinces me that McDandal has a reasonable likelihood of success. His bare-bones motion does little more than

repeat some of the general allegations contained in his complaint: he is not getting the treatment he needs, and that is the result of Dr. Liaw's deliberate indifference. ECF 15.

That said, I do recognize that McDandal recently filed a motion to introduce evidence. ECF 14. It is unclear why he filed this motion or the attached twenty-two pages of documents. Even considering this evidence, I still cannot conclude that McDandal has met his burden to show that he is likely to succeed on the merits of his claims. The evidence submitted by McDandal largely consists of his Request for Health Care forms. ECF 14-1 at pp. 1-6, 8-9, 12-13, 16-22. While this establishes that he repeatedly requested medical treatment, it does not establish that Dr. Liaw has been deliberately indifferent. Also included in this evidence is a July 12, 2018, letter from Nurse Thomas Hobbs, the IDOC Health Services Quality Assurance Manager, responding to McDandal's complaints about not receiving Minerin skin cream for his dry skin. ECF 14-1 at 7. In it, Hobbs explains to McDandal that, "[t]he physician has noted that he has seen and evaluated you in October he felt that during the drier winter months that the cream was required. At your more recent exam in April the Minerin was not continued because the physician exam indicated that your skin had improved, and it was no longer indicated." *Id.* Hobbs' letter was forwarded to Nurse Nikki Tafoya, an IDOC Quality Assurance Monitor. ECF 14-1 at 10. On August 17, 2018, she explained to McDandal that:

> A review of your medical record has been performed and it is noted that Dr. Liaw explained to you the rationale for not prescribing the Minerin cream that you requested. He notes that while you do have dry skin that it is much improved from the fall/winter and that minerin cream was not

3

> medically indicated. Dr. Liaw indicated that you may purchase creams from commissary to manage your dry skin.
>
> You were also removed from chronic care for Carpal Tunnel at this visit in July. According to Dr. Liaw you have a wrist splint and can manage pain with over the counter medications from commissary.

*Id.*

From the evidence submitted by McDandal, it appears Dr. Liaw treated his dry skin and Carpal Tunnel. Dr. Liaw provided McDandal with a wrist splint for his Carpal Tunnel and discontinued the Minerin because he determined it was no longer medically necessary. There is no question that this was not the treatment McDandal wanted, but a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). It is also clear that McDandal disagrees with Dr. Liaw about how his dry skin and Carpal Tunnel should be treated. But, a mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I also cannot ignore that Dr. Liaw's treatment of McDandal was reviewed by two other IDOC health care providers and nothing in either review raised a red flag.

By contrast, McDandal's assertions about the need for a different course of treatment for his dry skin and Capral Tunnel are based solely on his own beliefs. He has not provided any supporting evidence that Dr. Liaw's medical treatment of either condition constitutes deliberate indifference. Consequently, it is fair to say that McDandal has fallen far short of making the clear showing of a likelihood of success to warrant the extraordinary remedy of a preliminary injunction.

4

ACCORDINGLY,

(1) the motion to introduce evidence (ECF 14) is GRANTED; and

(2) the motion for a preliminary injunction (ECF 15) is DENIED.

ENTERED: December 21, 2018

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT