UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NOLAN MCDANDAL,

                Plaintiff,

                v.                      CAUSE NO.: 3:18-CV-732-PPS-MGG

DR. LIAW,

                Defendant.

OPINION AND ORDER

Nolan McDandal, a prisoner without a lawyer, filed a motion to amend the complaint to add defendants. Because McDandal seeks to amend his complaint for the first time and within twenty-one days of serving the initial complaint, this motion is granted. *See* Fed. R. Civ. P. 15(a)(1). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In a previous order, I granted McDandal leave to proceed on a claim against Dr. Liaw on an Eighth Amendment claim of deliberate indifference for refusing to provide adequate medical treatment for carpal tunnel syndrome and dry skin during his time at the Westville Correctional Facility. ECF 10. I also dismissed Grievance Specialist Harvil as a defendant because his involvement was limited to processing McDandal's grievance. *Id.* In the amended complaint, McDandal asserts the same allegations against

Grievance Specialist Harvil, but, for the reasons set forth in my previous order, this defendant is dismissed.

McDandal also asserts deliberate indifference claims against a John Doe physician, who treated him at the Indiana State Prison, and Nurse Collins, who gave him a wrist brace in 2013. However, the John Doe physician is dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Moreover, the applicable statute of limitations is two years. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). As a result, even assuming that giving McDandal a wrist brace in 2013 amounts to an act of deliberate indifference, the allegations against Nurse Collins are untimely.

Additionally, McDandal asserts a claim of deliberate indifference against Nurse Hanson. He alleges that, on October 11, 2018, he told Nurse Hanson about his dry skin and wrist pain, but Nurse Hanson refused to provide pain medication or skin creme because Dr. Liaw would not permit it. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious

risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation omitted). Though it is unclear whether Nurse Hanson had any authority to disregard Dr. Liaw's orders, at this stage of the proceedings, the complaint adequately states an Eighth Amendment claim against Nurse Hanson.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 13);

(2) DIRECTS the clerk to file the amended complaint (ECF 13-1);

(3) GRANTS Nolan McDandal leave to proceed against Dr. Liaw for money damages on an Eighth Amendment claim of deliberate indifference for refusing to provide adequate medical treatment for carpal tunnel syndrome and dry skin since February 2017;

(4) GRANTS Nolan McDandal leave to proceed against Nurse Hanson for money damages on an Eighth Amendment claim of deliberate indifference for refusing to provide adequate medical treatment for carpal tunnel syndrome and dry skin on October 11, 2018;

(5) GRANTS Nolan McDandal leave to proceed on a claim for injunctive relief against Dr. Liaw to obtain medical treatment for carpal tunnel syndrome and dry skin as required by the Eighth Amendment;

(6) DISMISSES Grievance Specialist Harvil, John Doe Doctor, and Nurse Collins;

(7) DISMISSES all other claims;

(8) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Liaw and Nurse Hanson at the Indiana Department of Correction with a copy of this order and the complaint (ECF 13-1) as required by 28 U.S.C. § 1915(d); and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Liaw and Nurse Hanson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Nolan McDandal has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: January 25, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT