UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NOLAN MCDANDAL,

    Plaintiff,

v.                                                        CAUSE NO.: 3:18-CV-732-PPS-MGG

DR. LIAW, et al.,

    Defendants.

## ORDER

Nolan McDandal, a prisoner without a lawyer, filed a motion to reconsider the order denying a preliminary injunction. ECF 22. In a previous order, I denied McDandal's motion for a preliminary injunction based in part on the bare-bones nature of the allegations. ECF 16. In the instant motion, McDandal elaborates on his need for medical treatment, including excruciating wrist pain and open, bleeding sores due to cracked, dry skin. He also expounds on why he believes Dr. Liaw acted with deliberate indifference, including his five-year history of treatment for these conditions, his verbal disagreement with Dr. Liaw, and the immediate cessation of treatment that followed as his medical conditions became more severe. Based on these additional allegations, I will reconsider whether McDandal is entitled to a preliminary injunction -- but only after providing prison officials with an opportunity to respond.

In the instant motion, McDandal requests an injunctive order for adequate medical treatment for carpal tunnel syndrome and dry skin, including pain medication, skin creme, and carpal tunnel surgery. Notably, "[t]he PLRA circumscribes the scope of

the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quotation marks and citation omitted). Therefore, injunctive relief, if granted, will be limited to requiring the defendants to provide medical treatment as required by the Eighth Amendment.

As a final matter, despite the urgent nature of the instant motion, it appears that none of the defendants have yet been served. The Warden of the Westville Correctional Facility has both the authority and the responsibility to ensure that McDandal receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant for purposes of the instant motion and the injunctive relief claim.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Westville Correctional Facility as a defendant;

(2) GRANTS Nolan McDandal leave to proceed on a claim for injunctive relief against the Warden of the Westville Correctional Facility in his official capacity to obtain medical treatment for carpal tunnel syndrome and dry skin as required by the Eighth Amendment;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Westville Correctional Facility at the Indiana Department

of Correction with a copy of this order, the motion for reconsideration (ECF 22); the screening order (ECF 17); and the amended complaint (ECF 18).

(4) ORDERS the Warden of the Westville Correctional Facility to file a response to the motion for reconsideration, including an explanation of how Nolan McDandal is receiving medical treatment for carpal tunnel syndrome and dry skin as required by the Eighth Amendment, by March 6, 2019; and

(5) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Nolan McDandal has been granted leave to proceed.

**SO ORDERED**.

ENTERED: February 5, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT